# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ARMADA CONCRETE, LLC,<br><br>    Plaintiffs,<br><br>vs.<br><br>JAYNES CORPORATION; WESTERN SURETY COMPANY,<br><br>    Defendants.<br><br>JAYNES CORPORATION,<br><br>    Third-Party Plaintiff,<br><br>vs.<br><br>LIBERTY MUTUAL INSURANCE COMPANY,<br><br>    Third-Party Defendant.<br><br>JAYNES CORPORATION,<br><br>    Counter Claimant,<br><br>vs.<br><br>ARMADA CONCRETE, LLC,<br><br>    Counter Defendant. | Case No.: 2:14-cv-02176-GMN-GWF<br><br>**AMENDED ORDER** |

Before the Court is the Motion to Amend, (ECF No. 81), filed by Defendants Jaynes Corporation and Western Surety Company (collectively "Jaynes"). Jaynes seeks to amend the

parties' Joint Pretrial Order, (ECF No. 74), to add an additional witness, Paul Pitcher ("Pitcher"), and certain other exhibits. (*See* Mot. to Amend). Plaintiff Armada Concrete, LLC ("Armada") filed a Response, (ECF No. 88), and Jaynes filed a Reply, (ECF No. 94). For the reasons discussed below, the Court DENIES the Motion.

## I. LEGAL STANDARD

Under Rule 16(e), "[t]he court may modify the order issued after a final pretrial conference only to prevent manifest injustice." Fed. R. Civ. P. 16(e); *Byrd v. Guess*, 137 F.3d 1126, 1132 (9th Cir. 1998); (*see also* Joint Pretrial Order 10:17–18, ECF No. 74) ("This order may not be amended except by court order and based upon the parties' agreement or to prevent manifest injustice."). "In evaluating a motion to amend the pretrial order, a district court should consider four factors: (1) the degree of prejudice or surprise to the defendants if the order is modified; (2) the ability of the defendants to cure the prejudice; (3) any impact of modification on the orderly and efficient conduct of the trial; and (4) any willfulness or bad faith by the party seeking modification." *Galdamez v. Potter*, 415 F.3d 1015, 1020 (9th Cir. 2005) (citing *Byrd*, 137 F.3d at 1132).

After considering these factors, if "the court determines that refusal to allow a modification might result in injustice while allowance would cause no substantial injury to the opponent and no more than slight inconvenience to the court, a modification should ordinarily be allowed." *United States v. First Nat'l Bank of Circle*, 652 F.2d 882, 887 (9th Cir. 1981). The trial judge may exclude evidence not identified in accordance with the pretrial order when the party seeking to introduce the evidence offers no justification for delay. *Colvin v. United States*, 549 F.2d 1338, 1340 (9th Cir. 1977). In such a case, "[a]ny injustice resulting from exclusion . . . comes from [the defaulting party's] own failure properly to present his case." *Id.*

## II. DISCUSSION

The degree of prejudice to Armada is simply too high to justify amending the Joint Pretrial Order to add the proposed witness and exhibits. Armada has relied on the Joint Pretrial Order in preparing its case for trial. (*See* Resp. 8:5–7, ECF No. 88). It is therefore immaterial that Armada originally identified Pitcher as a potential witness in its Initial Disclosure as Jaynes has given no indication prior to the instant Motion that it intended to call Pitcher as a witness. (*See* Mot. to Amend 2:6–7). Given that Jaynes' Motion was filed little more than a month before trial, the Court finds that amendment at this late stage would cause a "substantial injury" to Armada. *First Nat. Bank of Circle*, 652 F.2d at 887.

Additionally, Jaynes provides no justification for the delay in amending the Joint Pretrial Order. Instead, Jaynes simply claims that "[a]s a result of the tens of thousands of documents in this matter, Jaynes inadvertently failed to disclose Mr. Pitcher and these additional Documents." (Mot. to Amend 5:2–4, ECF No. 81). While this explanation might be relevant to Jaynes' failure to disclose the exhibits, it hardly explains why Jaynes failed to disclose Pitcher until this late date. Further, it does not appear to the Court that the presence of "tens of thousands of documents" makes this case so complex or unique as to justify Jaynes' oversight in this instance. Jaynes' flimsy justification suggests trial by ambush rather than inadvertence. *See Shakespear v. Wal-Mart Stores, Inc.*, No. 2:12-cv-01064-MMD, 2013 WL 6498898, at *4 (D. Nev. Dec. 10, 2013) ("[A]lthough there is a public policy to hear cases on their merits, there is also a public policy against trial by ambush."). As the Ninth Circuit has repeatedly noted, any injustice resulting from exclusion in such situations comes from the party's own failure to properly present his case. *See, e.g.*, *Delta Sys., Inc. v. TRW*, 874 F.2d 815 (9th Cir. 1989); *United States v. Lummi Indian Tribe*, 841 F.2d 317, 320 (9th Cir. 1988); *Colvin*, 549 F.2d at 1340.

Finally, both parties agree that at least some of the proposed exhibits are redundant of timely disclosed exhibits. (*See* Mot. to Am. 4:10–11); (Resp. 10:9–10). Accordingly, any prejudice to Jaynes in excluding these exhibits is minimal. Based on the foregoing, the Court therefore DENIES Jaynes' Motion to Amend.

### III. CONCLUSION

**IT IS HEREBY ORDERED** that Jaynes' Motion to Amend the Joint Pretrial Order, (ECF No. 81), is **DENIED**.

**DATED** this __2__ day of May, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court