# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| ARMADA CONCRETE, LLC, | ) | |
| Plaintiffs, | ) | Case No.: 2:14-cv-02176-GMN-GWF |
| vs. | ) | **ORDER** |
| JAYNES CORPORATION; WESTERN SURETY COMPANY, | ) | |
| Defendants. | ) | |

ARMADA CONCRETE, LLC,

               Plaintiffs,

vs.

JAYNES CORPORATION; WESTERN SURETY
COMPANY,

               Defendants.

JAYNES CORPORATION,

               Third-Party Plaintiff,

vs.

LIBERTY MUTUAL INSURANCE COMPANY,

               Third-Party Defendant.

JAYNES CORPORATION,

               Counter Claimant,

vs.

ARMADA CONCRETE, LLC,

               Counter Defendant.

      Pending before the Court is the Emergency Motion to Reconsider, (ECF No. 111), filed by Defendants Jaynes Corporation and Western Surety Company (collectively "Jaynes"). Jaynes asks the Court to reconsider its ruling granting the Motion in Limine, (ECF No. 82),

filed by Plaintiff Armada Concrete, LLC ("Armada").  Because trial in this matter is set to begin on May 15, 2017, Jaynes seeks expedited consideration of its Motion.  For the reasons discussed below, the Court DENIES the Motion.

## I.    BACKGROUND

On May 2, 2017, during Calendar Call in this case, the Court heard oral argument on the parties' Motions in Limine.  Armada's only Motion in Limine sought to preclude Jaynes from offering evidence in support of its counter-claim for liquidated damages. (*See* Pl.'s Mot. in Limine ("MIL") 10:2–3, ECF No. 82).  Specifically, Armada complained that Jaynes had failed to comply with Federal Rule of Civil Procedure 26(a)(1)(A) by: (1) failing to properly disclose the identity of its person most knowledgeable ("PMK") of its liquidated damages claim, Rick Marquardt ("Marquardt"), Jaynes' president; (2) failing to timely disclose any evidence supporting its liquidated damages claim; and (3) not providing a computation of damages. Armada asserted that only after discovery had closed, and following the settlement conference before the magistrate judge, did Jaynes formally name Marquardt as a witness and disclose documents related to liquidated damages.  Armada therefore sought to exclude all evidence of liquidated damages pursuant to Federal Rule of Civil Procedure 37(c)(1).

During Calendar Call, the Court asked Jaynes to identify what information it had disclosed regarding the liquidated damages claim that complied with Rule 26.  Jaynes pointed to Armada's Exhibit 403, a document obtained by Armada from the United States Corps of Engineers through a Freedom of Information Act ("FOIA") request.  Jaynes also argued that although Marquardt had never been formally identified as a PMK during discovery, it had named Marquardt as a PMK regarding liquidated damages during Armada's 30(b)(6) deposition of Jaynes.  Finally, Jaynes argued that Armada did have the calculation for liquidated damages as Armada could simply multiply the number of delay days in the

underlying construction project by the liquidated damages rate disclosed in the parties'

contract.

After considering the parties' arguments on the matter, the Court determined that

Jaynes' disclosures failed to comply with Rule 26(a) and granted Armada's Motion in Limine

to exclude all evidence supporting Jaynes' liquidated damages claim pursuant to Rule 37(c)(1).

(*See* Minute Order, ECF No. 98).  In the instant Motion, Jaynes asks the Court to reconsider its

ruling.

## II.   LEGAL STANDARD

"[A] motion for reconsideration should not be granted, absent highly unusual

circumstances." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).  Reconsideration is

appropriate where: (1) the court is presented with newly discovered evidence, (2) the court

committed clear error or the initial decision was manifestly unjust, or (3) if there is an

intervening change in controlling law. *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*,

5 F.3d 1255, 1263 (9th Cir. 1993).  However, a motion for reconsideration is not a mechanism

for rearguing issues presented in the original filings, *Backlund v. Barnhart*, 778 F.2d 1386,

1388 (9th Cir. 1985), or "advancing theories of the case that could have been presented earlier,

*Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994).  Thus, Rules

59(e) and 60(b) are not "intended to give an unhappy litigant one additional chance to sway the

judge." *See Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977).

## III.   DISCUSSION

Jaynes argues that "reconsideration is appropriate because the Order is not supported by

the requisite considerations and findings, and the required analysis demonstrates that exclusion

of all evidence supporting Jaynes' liquidated damages claim is inappropriate." (Mot. to

Reconsider 4:11–13, ECF No. 111).  Although the Court finds no reason to overturn its original

ruling, the Court nevertheless discusses its reasoning for excluding evidence pertaining to liquidated damages in more detail herein.

Rule 26 violations are subject to the sanctioning power of Rule 37. *See* Fed. R. Civ. P. 37(c). Rule 37 is described as a self-executing, automatic sanction that is intended to provide a strong inducement for disclosure of material. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). In particular, Rule 37(c)(1) provides that when a party violates Rule 26, it "is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "[T]he burden is on the party facing the sanction . . . to demonstrate that the failure to comply with Rule 26(a) is substantially justified or harmless." *Torres v. City of L.A.*, 548 F.3d 1197, 1213 (9th Cir. 2008).

The Ninth Circuit gives wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1). *Yeti*, 259 F.3d at 1106. If precluding the evidence would cause a claim to be dismissed, district courts are required to consider whether the violation involved willfulness, fault, or bad faith, and also to consider the availability of lesser sanctions. *R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1247 (9th Cir. 2012). "Courts are more likely to exclude damages evidence when a party first discloses its computation of damages shortly before trial or substantially after discovery has closed." *Jones v. Wal-Mart Stores, Inc.*, No. 2:15-cv-1454-LDG-GWF, 2016 WL 1248707, at *4 (D. Nev. Mar. 28, 2016).

Jaynes presents several arguments that its noncompliance with its disclosure obligations was harmless and not in bad faith. First, Jaynes contends that the parties engaged in "significant" and "extensive" discovery on the issue of liquidated damages. (Mot. to Reconsider 4:11–13). Jaynes fails to identify what exchanges qualify as "significant" and "extensive" discovery. By its own admission, the only timely disclosed evidence compliant with Rule 26 is a document procured by Armada through its own due diligence. Rule 26

clearly places the onus on the proponent of a claim to comply with disclosure requirements supporting that claim. *See, e.g.*, *Carrillo v. B & J Andrews Enters., LLC*, No. 2:11-cv-01450-RCJ, 2013 WL 420401, at *3 (D. Nev. Jan. 31, 2013) ("It is the burden of the disclosing party to provide accurate, timely, and sufficient Rule 26(a)(2)(B) disclosures. "); *Nihart v. Nat'l Park Serv.*, No. 2:12-CV-00291-APG, 2014 WL 1415198, at *2 (D. Nev. Apr. 10, 2014) ("The burden was on [the party asserting the claim] to comply with Rule 26(a)(2)(A) and (C)."). To place the burden otherwise is nonsensical.

Second, Jaynes argues that its failure to disclose any evidence compliant with Rule 26 amounts to "excusable neglect and oversight" because "Jaynes' counsel did not reasonably believe that a separate disclosure of the same document already disclosed was necessary or required under the Rules." (Mot. to Reconsider 5:25–26, 6:15–16). Further, Jaynes contends that "Armada had all the information necessary to calculate liquidated damages." (*Id.* 6:25). The flaws in these arguments are twofold. First, Jaynes does not explain how Armada's discovery of one document pertaining to liquidated damages completely absolves Jaynes of its disclosure responsibilities as to other documents in its possession. Second, Jaynes again places the burden on Armada to meet its own obligation to provide a damages calculation; however, hoping that Armada surmises Jaynes' method of calculating damages does not discharge Jaynes of Rule 26's requirements.

Third, Jaynes asserts that it did disclose a PMK in its initial disclosures, Stephen Brooke ("Brooke"), and later specifically identified Marquardt as a PMK regarding liquidated damages during Brooke's deposition. (*Id.* 8:17–24). Jaynes' initial disclosures, however, identified Brooke as a witness "expected to testify as to facts and information pertinent to this litigation, the complaint, claim, *counterclaims*, and defenses." (Ex. 7 to Mot. to Reconsider 3:19–20, ECF No. 111-7) (emphasis added). Further, Armada's 30(b)(6) request to Jaynes requested a PMK for liquidated damages, and Jaynes provided Brooke. Jaynes does not deny the Brooke is not a

PMK for liquidated damages, and its first initial disclosure is therefore irrelevant as to its untimely disclosure of Marquardt.

The Court concludes that Jaynes' failure to comply with its Rule 26(a) disclosure obligations was the result of willfulness, fault, or bad faith. It is clear that Jaynes intentionally made disclosures designed to give as little information as possible despite the requirements of Rule 26(a). In most instances, however, Jaynes made no disclosure at all but instead relied on Armada to cobble together the substance of Jaynes' liquidated damages claim. Indeed, to the Court's knowledge Jaynes has yet to provide a calculation of damages. Under these circumstances, the Court finds that Jaynes' failure to comply with its Rule 26(a)(2) disclosure obligations was, at a minimum, a result of refusal to provide the information required under Rule 26(a)(1)(A) and erroneous reading of Rule 26(a).

Finally, the Court finds that no lesser sanction other than exclusion of evidence related to Jaynes' liquidated damages claim is suitable. While the Court could simply shift the costs of Jaynes' noncompliance to Jaynes, substantial delay would occur in a case where the parties have already received many stipulations to continue deadlines as well as trial and more time than deemed presumptively reasonable to complete discovery. It would require reopening discovery, establishing new deadlines, and disrupting the Court's management of its docket on the eve of trial. It would also impact the integrity of the Court's orders. Parties are simply not at liberty to ignore the Court's discovery plan and scheduling order deadlines without consequence. Had Jaynes made some effort to make the required disclosures, the Court might be influenced to impose lesser sanctions. However, as indicated, the disclosures Jaynes made in this case were so unhelpful, misleading, or nonexistent that Armada could not reasonably be expected to prepare a meaningful defense to Jaynes' liquidated damages claim. For these reasons, the Court finds that, although preclusion sanctions are dispositive, they are warranted.

In short, after reviewing the record in this case, the Court has found no reason to overturn its previous Order.  The Court finds neither clear error nor manifest injustice in the reasoning of its previous Order.  Accordingly, Plaintiff's Motion to Reconsider is denied.

## IV.    <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that Jaynes' Motion for Reconsideration, (ECF No. 111), is **DENIED**.

**DATED** this __9__ day of May, 2017.


_____
Gloria M. Navarro, Chief Judge
United States District Judge